By the Court.—Speir, J.
The main defense interposed on the trial was that the notes were given and executed without any consideration. It appears that a suit was pending in this court, brought by Mary A. L. Weber, executrix of Albert Weber, deceased, against Charles F. Weber, the maker of the, notes, for the recovery of certain goods, chattels and money supposed to belong to the estate of Albert Weber, deceased. That at the same time, certain proceedings were pending in the surrogate’s court in the matter of the estate of Albert Weber, deceased, in which she as executrix and legatee claimed as owner all the estate and assets belonging to him in his lifetime. These proceedings in the surrogate’s court and the suit in the superior court were compromised and discontinued on September 2, and the notes in suit are of the same date and *260 were given in consideration of the settlement of the suit and the proceedings in the two courts. The defendant’s counsel furnished the. evidence on the trial of the discontinuance and settlement in both cases; He then offered to show that Mary A. L, Weber, executrix, &c., had no legal cause of action against Charles F. Weber, the defendant in said suit or proceedings.. The learned judge, very properly, we think, declined to try that issue. The settlement and compromise rested upon a good consideration. The counsel did not offer proof of any fraudulent concealment of material facts,, which were not within the knowledge of his client, who made the notes ; he was not therefore in a position to defeat a recovery-upon his promise to pay them. The defendant having himself furnished the evidence of settlement and compromise was estopped from setting up that the proceedings in the courts had no foundation in law.
The claim that Charles F. Weber was under duress at the time he executed the notes and delivered them to Mary A. L. Weber, was clearly shown to be destitute of any foundation by defendant’s own- witness. Further notice of the point is unnecessary.
The judgment must be affirmed with costs.
Freedman, J., concurred.